KENNON, Judge.
In this suit plaintiff seeks to recover $212.59' allegedly due by defendant for a gold stamping machine and attachments designed to be used in' connection therewith. After judgment was rendered in favor of defendant, an appeal was taken to this Court. Finding that the record contained no transcript of testimony or statement of fact and that same was incomplete in other respects, this Court, 45 So.2d 639, ordered its return to the City Court of Minden, Ward 4, Webster Parish, Louisiana, for correction of the named deficiencies.
The case is now before us as corrected, including the addition of a statement of facts signed by the City Judge.
Defendant’s contention has been, and is, that the machine was not suitable for its purposes without a supply of a No. 33 type lettering which the salesman sold to accompany the machine. Plaintiff’s contention is that this particular type had been discontinued prior to the acceptance of defendant’s order, and that other type could be substituted satisfactorily.
The machine and accompanying accessories (less the type No. 33) were shipped to defendant on December 4, 1946. Acces-' sories included in the original order but not in the first shipment were shipped to defendant on January 28, 1947. By letter of February 8, 1947, defendant wrote plaintiff as follows:
“On November 22nd we gave the F. A. B. Sales Company of Dallas, Texas an order for one Monograming machine, one set of #4 type, one set #2 type, one set #24 type, caps and lower case, one set of #33 type and ten rolls of foil. We have received all of this order with the exception of the #33 type. We. are holding up payment of this invoice until this order is completed. The #33 type, which is short, is the type we need most of all. We will appreciate you forwarding this set of type at. once. •
“Please ship us two type boxes same as shipped December 5th.”
Other letters were exchanged until March, 1948, when defendant returned the machine to plaintiff by express, the situation from defendant’s viewpoint then being expressed by defendant in the following letter to plaintiff: “We wrote you February 6th stating that if we did not receive the type that we had been trying to get so hard for the past year within ten days that we expected to return the machine we had on hand since December 5th, 1946. We have not had a reply to our letter so we are returning the machine today by prepaid express with the exception of the foil which we are enclosing our check to cover.”
With the above letter defendant sent its check for $11, to cover the price of the foil riot returned. This check was returned to defendant.
The statement of facts, signed by the Judge of the City Court, contains the following paragraph: “After reviewing the evidence and all exhibits, the Court was of the opinion that the petitioner had not met the burden imposed upon a plaintiff and that the equipment was not suitable for the purpose for which it was ordered without being completed by 'supplying the No. 33 type. Therefore, the demands of plaintiff were rejected at his cost.”
The evidence adduced by defendant at the -trial in support of its contention that it was justified in returning the equipment because same was not suitable for the purpose for which it was ordered, was not *43 taken down and consequently this Court has no basis upon which the above finding o'f fact in favor of defendant can be reviewed.
Plaintiff should have judgment for the $11 admittedly due for the foil received and not returned. Since tendér was refused, defendant should not be cast with costs of the City Court or be liable for interest.
The judgment appealed from is reversed and judgment is now rendered in favor of plaintiff, Wilson Gold Stamping Machine Company, and against defendant, Webb Hardware & Furniture Company, in the sum of $11, without interest. Costs of appeal to be borne by defendant, other costs by plaintiff.