56 So.2d 423

**WILSON GOLD STAMPING MACH. CO. v. WEBB HARDWARE & FURNITURE CO.**

**No. 40181.**

Jan. 14, 1952.

Eugene J. Coen, Shreveport, for plaintiff-appellant.

Dan W. Stewart, Minden, for respondent.

HAMITER, Justice.

Entertaining the belief that possibly the Court of Appeal had committed an error of law in its decision of this cause we issued the writ of certiorari.

From the record, transmitted here pursuant to the writ, it appears that the defendant ordered from plaintiff, through the latter's representative (F. A. B. Sales Company of Dallas, Texas), a Speed Printz Gold Stamping Machine and certain accessories, including one set of No. 33 type. In due course the order was filled, except for the mentioned type which plaintiff had discontinued.

Because of the failure of delivery of such type defendant withheld payment of the purchase price and, after the lapse of a number of months, sought to return the machine and accessories and to send its check for $11 in payment of some of the gold foil used. Plaintiff refused to accept them and brought this suit in the City Court of Minden to recover the sum of $212.59, with interest. The defendant pleaded in its answer that the stamping outfit was useless to it without the No. 33 type.

The City Court, after a trial in which the testimony adduced was not transcribed, rendered a judgment rejecting the demands of plaintiff.

On an appeal to the Court of Appeal plaintiff was awarded a judgment for $11, this being the value of the gold foil which the defendant did not return. La.App., 49 So.2d 41.

Counsel for plaintiff then applied here for the writ of certiorari, showing in the application (among other things) that the Court of Appeal had erred as a matter of law in failing to hold defendant responsible by reason of its continued use of the machine for a period of some 14 months. On this showing we granted the writ. However, on examination of the record we find that no such issue of law was ever raised in the City Court or passed on by the Court of Appeal. To quote from the brief of plaintiff's counsel filed in the City Court: "There is only a question of fact involved in this case. * * * The whole question is whether the Number 33 type was all-important, and if so, did the lack of this type render the monogram stamping machine useless."

But assuming that the mentioned issue of law had been properly raised, there is no evidence in the record (the testimony was not reduced to writing) establishing that the defendant used the machine continually during a 14 months' period. True, it does appear from certain correspondence that the equipment was not immediately returned to plaintiff. The same correspondence also shows, however, that the defendant timely protested the absence of the essential No. 33 type; and it could well be that the retention of the machine was due to an act of plaintiff's representative, stated

in the brief of defense counsel to have occurred as follows: "Sometime later [after a letter of protest] Mr. Will Life, President of the defendant company, was in Dallas, Texas, and discussed the situation with the salesman from whom he had bought the machine, and his salesman promised him that he would see to it that the No. 33 type would be furnished. This was never done. * * *" (Brackets ours.)

As to the question of fact of whether the lack of the No. 33 type rendered the machine useless for the purpose for which it was purchased, we cannot conclude that error was committed in resolving it favorably to defendant. The record is insufficient to permit our making a determination thereof.

For the reasons assigned the judgment of the Court of Appeal is affirmed.